Pamela CARVEL, as Executor of the Estate of Agnes Carvel, Plaintiff–Appellant,

v.

CARVEL FOUNDATION INC., a Company incorporated under the laws of the State of Florida, Defendant,

Thomas And Agnes Carvel Foundation, Ancillary Administrator Leonard M. Ross, Intervenors.

No. 06–2083–cv.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Pamela Carvel, London, England, pro se.

Steven J. Fink (James J. Capra, Jr., on the brief, Lisa T. Simpson, Alison F. Swap, of counsel), Orrick Herrington & Sutcliffe LLP, New York, NY, for Intervenor Thomas and Agnes Carvel Foundation.

Lawrence M. Rosenstock, Markewich & Rosenstock LLP, New York, NY, for Intervenor Leonard M. Ross.

PRESENT: JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges, and EDWARD R. KORMAN, District Judge.\*

## SUMMARY ORDER

Plaintiff Pamela Carvel appeals *pro se* from a judgment of the District Court dismissing her action to confirm a foreign country money judgment against the Estate of Agnes Carvel (the "Estate"). The District Court concluded that the probate exception to federal jurisdiction deprived the District Court of subject matter jurisdiction to hear the action. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Having carefully reviewed all of plaintiff's arguments, we agree with the District Court that, pursuant to the probate exception, it lacked subject matter jurisdiction to hear plaintiff's action. The Supreme

---

\* The Honorable Edward R. Korman, Judge of the United States District Court of the Eastern District of New York, sitting by designation.

Court's recent decision in *Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006), which clarified the scope of the probate exception, does not change the result. *Marshall* explained that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 1748; *see also Lefkowitz v. Bank of N.Y.,* —— F.3d ——, 2007 WL 1839756, at *2–*3 (2d Cir.2007) (describing history of probate exception and scope of probate exception after *Marshall* ). Here, plaintiff's action would interfere with a complex pending proceeding in New York Surrogate's Court concerning the assets and property of the Estate. Because plaintiff's action "endeavor[s] to dispose of property that is in the custody of a state probate court," *Marshall,* 126 S.Ct. at 1748, the probate exception bars her from maintaining this action in federal court.

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the District Court.